By The Court — Bosworth, Ch. J.
The defendant is sued as the payee and first indorser of a note dated the.lst of January, 1854, at six months for $524,63.
It was proved that the note was duly presented for payment on the 3d of July, 1854; that payment of it was demanded and refused, and that it was thereupon protested, and that notice thereof was duly served on the defendant on the 5th of said July. The notice so served was read in evidence, and in form is like the one served in Youngs v. Lee. (2 Kern., 552.) In the absence of proof that other notes existed which might render the applicability of the notice to the Rote in suit uncertain; the notice must be understood to mean that the note of which it speaks had beén presented for payment, that payment of it “had been demanded and payment refused on the day when it became due.” (Youngs v. Lee, 2 Kern., 554.)
The only extrinsic fact shown to render the applicability of the notice to the note in suit uncertain, is, that the defendant was the indorser of another note in all respects like it, except that such other note was payable at three months, while the one in- suit was payable at six months.
This evidence was met by proof that at the time the notice-in question was served, a suit had been pommenced against the defendant upon the three months’ note, and the defendant had answered the complaint in that suit, and such answer contained no averment that the three months’ note had not been regularly protested, or that notice of it had not been duly served.
*181 It was found as a fact, that the defendant was not misled or left in uncertainty as to the applicability of the notice to the note in suit, “ but was by the aforesaid notice of non-payment informed, and from all the facts had actual knowledge that the said notice related to the note described in the complaint in this action.”
We think the evidence sufficient to justify the finding of the facts, as they were found. That the facts as found entitled the plaintiff to judgment, is settled so far as this Court is concerned, by Cook v. Litchfield. (2 Bosw., 137.) The opinion of the Court when this cause was previously before it, at General Term, favors the same conclusion.
The judgment must be affirmed.[1]

 See Hodges v. Shuler, 22 N. Y. R., 114.